PROB 12C
(6/16)

Report Date: August 23, 2023

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2023

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Odessa Winnier                    Case Number: 0980 1:20CR02041-SAB-1

Address of Offender:  ▆▆▆▆▆▆▆▆▆  Wapato, Washington 98951

Name of Sentencing Judicial Officer:  The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: September 21, 2022

Original Offense:  Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Fentanyl, 21 U.S.C. § 841(a)(1), (b)(1)(C)

Original Sentence:  Prison - Time Served (211 days)          Type of Supervision: Supervised Release
                    TSR - 36 Months

Revocation Sentence:  Prison - Time Served (30 days)
(7/26/2023)           TSR - 35 Months

Asst. U.S. Attorney:  Tom Hanlon                    Date Supervision Commenced: September 26, 2022

Defense Attorney:    Juliana Van Wingerden          Date Supervision Expires: June 25, 2026

## PETITIONING THE COURT

To issue a summons.

On July 26, 2023, Ms. Winnier's original term of supervised release was revoked. On July 27, 2023, the supervised release conditions were reviewed with Ms. Winnier. Ms. Winnier signed her conditions of supervision acknowledging an understanding of her of her conditions.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition #3**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence:** Ms. Winnier is alleged to be in violation of her conditions of supervised release by consuming cocaine on or before August 5, 2023.

On July 27, 2023, Ms. Winnier was placed on the Merit Resource Services' (Merit) random colorline testing program. She is subject to five random drug and alcohol tests per month. Additionally, she was directed to report to the probation office to submit to random drug and alcohol testing when her color is called via the colorline.

Prob12C
Re: Winnier, Odessa
August 23, 2023
Page 2

On August 9, 2023, Ms. Winnier reported to the probation office to submit a random drug test, which tested presumptive positive for cocaine. The sample was sealed in front of Ms. Winnier and sent to Abbott Laboratory for confirmation. Ms. Winnier admitted she consumed cocaine on August 5, 2023. Results are pending as of the submission of this report. Ms. Winnier signed a drug use admission form.

2   **Special Condition #4:** You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence:** Ms. Winnier is alleged to be in violation of her conditions of supervised release by consuming alcohol on or before August 5, 2023.

On July 27, 2023, Ms. Winnier was placed on the Merit Resource Services random colorline testing program. She is subject to five random drug and alcohol tests per month. Additionally, she was directed to report to the probation office to submit to random drug and alcohol testing when her color is called via the colorline.

On August 9, 2023, Ms. Winnier reported to the probation office to submit a random drug and alcohol test. After submitting to the random urine sample, Ms. Winnier admitted she consumed alcohol on or before August 5, 2023. She signed a drug use admission form.

3   **Special Condition #2**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence:** Ms. Winnier is alleged to be in violation of her conditions of supervised release by failing to attend substance abuse treatment groups beginning August 17, and ending August 22, 2023.

On August 7, 2023, Ms. Winnier completed a substance abuse evaluation with Barth and Associates (Barth) in Yakima, Washington. Ms. Winnier was recommended to enter Level 2.0, intensive outpatient treatment (IOP) groups. Ms. Winnier was scheduled to begin the recommended treatment orientation on August 9, 2023, and her IOP groups would begin August 14, 2023. Ms. Winnier was to be attending IOP 5 days per week.

On August 21, 2023, this officer received (via fax) an incident report from Barth advising Ms. Winnier submitted a confirmed positive drug test for cocaine. This officer contacted Ms. Winnier's counselor at Barth via telephone. Per Ms. Winnier's counselor, based on the confirmed positive drug test, she needed to schedule an individual session with Ms. Winnier; however, she had not been present for group since August 16, 2023. This officer sent a text message to Ms. Winnier directing her to report to the probation office on August 22, 2023, by 10 a.m. to discuss missing her substance abuse treatment groups and the positive drug test.

Prob12C
**Re: Winnier, Odessa**
**August 23, 2023**
**Page 3**

On August 22, 2023, Ms. Winnier advised this officer her insurance would not cover treatment. This officer then contacted Ms. Winnier's treatment counselor via telephone. Per her counselor, Ms. Winnier's current insurance does not cover her substance abuse treatment; however, Ms. Winnier spoke with their financial department on August 15, 2023, and was advised all she needed to do was call her insurance, let them know she is in substance abuse treatment and her plan would be changed to cover treatment. Per Ms. Winnier's treatment counselor, Ms. Winnier was told to continue to attend groups, even if it is not covered, and was given a time frame to update her insurance or come up with a payment plan. Per the treatment counselor, "we never tell people not to attend treatment if they are not covered, we tell them to attend until the financial piece is worked out." Per the counselor, she has not heard from Ms. Winnier since August 16, 2023, and a letter was going to be mailed to her on August 22, 2023, requesting contact.

After the above noted conversation occurred, Ms. Winnier reported to the probation office. She stated on August 15, 2023, she spoke with the financial department and the front office staff at Barth provided her a phone number to call her insurance; however, the number was incorrect. She admitted she did not follow through after that. Additionally, she affirmed she had not been attending group.

4   **Special Condition #4:** You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence:** Ms. Winnier is alleged to be in violation of her conditions of supervised release by consuming alcohol on or before August 12, 2023.

On August 22, 2023, Ms. Winnier reported to the probation office to submit a random drug and alcohol test. Ms. Winnier admitted she consumed alcohol on or before August 12, 2023. She signed a drug use admission form

5   **Special Condition #3:** You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence:** Ms. Winnier is alleged to be in violation of her conditions of supervised release by consuming cocaine on or before August 12, 2023.

On August 21, 2023, this officer received laboratory results (via fax) from Barth reflecting a random drug test was collected in their office on August 16, 2023, and returned confirmed positive from Millennium Health Laboratory for cocaine.

On August 22, 2023, Ms. Winnier reported to the probation office and admitted she consumed alcohol and cocaine on August 12, 2023. Ms. Winnier stated she is "stressed out" due to the number of random drug tests she is subject to, which is why she is using. Ms. Winnier signed a drug use admission form.

6   **Standard Condition #2:** After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

Prob12C
Re: Winnier, Odessa
August 23, 2023
Page 4

**Supporting Evidence:** Ms. Winnier is alleged to be in violation of her conditions of supervised release by failing to report as directed on August 22, 2023, or thereafter.

On August 21, 2023, this officer made contact with Ms. Winnier via text message to remind her to report to the probation office on August 22, 2023, as her color would be called for random drug testing. After receiving an incident report from Barth advising Ms. Winnier had submitted a confirmed positive drug test on August 16, 2023, for cocaine, this officer sent another text message to Ms. Winnier directing her to report to the probation office on August 22, 2023, by 10 a.m.

On August 22, 2023, Ms. Winnier reported to the probation office at approximately 10:20 a.m.; however, this officer was in court. This officer asked the front office clerks to inform Ms. Winnier when she reported to remain in the office and not to leave. At 11:17 a.m., this officer received a text message from Ms. Winnier advising she had to "pee hella bad," and would be back. Upon completion of court, this officer saw the above message and responded she was directed to remain in the office until this officer could meet with her. This officer confirmed with the front office clerks they did verbally inform Ms. Winnier she could not leave and needed to wait. Ms. Winnier responded, "I told them I needed to go to the bathroom really badly. I have diarrhea." This officer reminded Ms. Winnier there is a public restroom available to her at the office, while she waited.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   08/23/2023

s/Linda J. Leavitt

Linda J. Leavitt
U.S. Probation Officer

THE COURT ORDERS
[ ] No Action
[ ] The Issuance of a Warrant
[X] The Issuance of a Summons
[ ] The incorporation of the violation(s) contained in this
    petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[ ] Defendant to appear before the Magistrate Judge.
[ ] Other

Stanley A. Sostrin

Signature of Judicial Officer

8/24/2023

Date